# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN KEHRER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 10-cv-951-WDS ) |
| LARRY YORK and LEONARD'S EXPRESS, INC., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion to remand (Doc. 7), to which defendants have filed a response (Doc. 11).

### BACKGROUND

Plaintiff originally filed this action against defendants in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois (Case. No. 10-L-944). Plaintiff alleges that on or about August 8, 2009, while operating a motorcycle, he was struck and injured by defendant Larry York ("York"), who was operating an International brand tractor trailer truck on Highway 70 in Illinois, in the course and scope of his employment with defendant Leonard's Express, Inc. ("Leonard's"). Plaintiff claims that defendant York breached his duty to keep a lookout for traffic when he struck plaintiff, and because York was acting in the course and scope of his employment, Leonard's is liable for the negligence of its employee. Plaintiff alleges that he was severely injured, incurring substantial damage to his head and other parts of his body, requiring substantial past and future medical care, incurring past and future lost wages, past and future

pain and suffering, and other damages allowed under Illinois law.

Defendants removed this action based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). Defendants state that complete diversity of citizenship exists between the parties in this action. Specifically, (1) plaintiff is a citizen of Madison County, Illinois; (2) defendant Leonard's, is a New York citizen and corporation with its principal place of business in Farmington, New York; and (3) defendant York is a citizen of New York. Defendants also state that based on the pleadings and the information that plaintiff was airlifted from the scene of the accident, the amount in controversy exceeds $75,000.

Plaintiff moves for remand, arguing that defendants' notice of removal failed to meet the procedural requirements of 28 U.S.C. § 1446. Specifically, plaintiff asserts that: (1) the actual process served upon defendants is not attached to the Notice of Removal (defendant attached unserved courtesy copies which do not evidence actual service); (2) defendants did not attach the Affidavit of Compliance for Service on a Non-Resident, which was served upon defendant York; (3) defendants provided nothing to indicate that notice was given to the state court as statutorily required; and (4) defendants provided nothing to establish when service took place in order to prove timeliness of removal. Defendants' response indicates that a notice of removal was properly filed in state court, and that the documents filed with this Court along with defendants' notice of removal prove when service was effected upon defendants and that removal was timely.

## LEGAL STANDARD

Removal based on federal diversity jurisdiction requires that the parties be of diverse citizenship and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

Plaintiff does not dispute either element of diversity jurisdiction, but plaintiff asserts that the proper removal procedural requirements were not followed. In light of the undisputed facts regarding diversity jurisdiction, the Court **FINDS** that this suit meets both the diversity of citizenship and amount in controversy requirements, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

Beyond jurisdictional issues, certain procedural requirements must be met for proper removal of a case from state to federal court. Specifically, under 28 U.S.C. § 1446(a), defendants seeking removal must file in the district court a notice of removal that contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such . . . defendants in such action." Further, under 28 U.S.C. § 1446(b):

> [t]he notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Additionally, 28 U.S.C. § 1446(d) provides:

> [p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

The burden of demonstrating proper removal rests with the party seeking to invoke federal jurisdiction. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004).

ANALYSIS

Plaintiff's first allegation, that defendants failed to follow the procedural requirements of remova,l is based on defendants' alleged failure to file with their notice of removal the actual service documents, as required by 28 U.S.C. § 1446(a). Plaintiff asserts that defendants merely attached the unserved "courtesy" copies of process, which bear no evidence that service was effected. Defendants respond that Doc. 2-1 at 1 is the return of service for defendant York, reflecting service on November 10, 2010, and indicating issuance of summons on October 28, 2010. Further, defendants respond that Doc. 2-1 at 8 indicates that summons on defendant Leonard's issued on October 28, 2010. Defendants explain that they filed all of the documents on file for this case in the Madison County Circuit Court, and that a file-stamped return of service for Leonard's was not contained within the state court file. Defendants assert, however, that the face of the documents prove that removal was timely with regard to Leonard's because removal occurred within twenty-five days of the issuance of the summons, so therefore, removal had to be less than thirty days after service. Plaintiff did not file a reply contending defendants' assertions. Accordingly, the Court **FINDS** that defendants' submissions are sufficient to show compliance with 28 U.S.C. § 1446(a).

Plaintiff's second allegation of failure to follow the procedural requirements of removal is based on defendants' alleged failure to attach the Affidavit of Compliance for Service on a Non-Resident, which was served upon York, as required by 28 U.S.C. § 1446(a). Defendants do not specifically address this argument, other than asserting that they filed "the entirety of the documents on file with the Circuit Court of Madison County, Illinois" (Doc. 11). In light of the fact that 28 U.S.C. § 1446(a) requires that copies of "all process" be filed with the district court,

4

and that plaintiff asserts that a copy of this document is available to defendants, the Court **DIRECTS** defendants to file a copy of this document on or before July 11, 2011.

Plaintiff's third allegation of failure to follow the procedural requirements of removal are based on defendants' alleged failure to indicate that notice was given to the state court that this case was removed, as required by 28 U.S.C. § 1446(d). Defendants, in their response, attach the Notice of Filing of Notice of Removal (Doc. 11-1) that was filed in the state court on November 23, 2010, the day after defendants filed their Notice of Removal in this Court. The Court **FINDS**, therefore, that defendants have established compliance with 28 U.S.C. § 1446(d).

Plaintiff's fourth allegation of failure to follow the procedural requirements of removal is based on defendants' alleged failure to provide enough information for this Court to confirm that removal took place within thirty days of service, as required by 28 U.S.C. § 1446(b). In light of the fact that defendants provided the Notice of Removal filed in the state court (Doc. 11-1), file stamped on November 23, 2010, and defendants provided the summonses for the state court action, issued by the Circuit Court of Madison County, Illinois, on October 28, 2010, defendants have provided sufficient information for this Court to conclude that defendants removed the action within thirty days of summonses and therefore complied with 28 U.S.C. § 1446(b).

## Conclusion

Accordingly, the Court **DENIES** plaintiff's motion to remand (Doc. 7) on all grounds raised, and **DIRECTS** defendants to file the Affidavit of Compliance for Service on a Non-Resident, (served on York), on or before July 11, 2011.

**IT IS SO ORDERED.**

**DATE: June 29, 2011**

                                            **/s/ WILLIAM D. STIEHL**
                                                **DISTRICT JUDGE**